## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KEVIN AMORUSO and RENEE AMORUSO (per quod), | **NOTICE OF REMOVAL** |
| Plaintiff, | **CIVIL ACTION NO.:** |
| v. |  |
| BJ'S WHOLESALE CLUB, INC., CRESSKILL HILLS, LLC, JOHN AND JANE DOES 1-10 (fictitious names representing unknown individuals), ABC CORPS. 1-10 (fictitious names representing unknown corporations, partnerships and/or limited liability companies or other types of legal entities), TUV CORPS. ROOFING CONTRACTORS 1-10 (fictitious parties), and/or XYZ CORPS. PROPERTY MAINTENANCE/MANAGEMENT COMPANY 1-10 (fictitious parties), | **JURY TRIAL DEMANDED** |
| Defendants. |  |

## DEFENDANT BJ'S WHOLESALE CLUB, INC.'S
## NOTICE OF REMOVAL

Defendant BJ's Wholesale Club, Inc. (hereinafter referred to as "BJ's" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) to remove this action from the Superior Court of New Jersey, Law Division, Essex County, where it is now pending, to the United States District Court for the District of New Jersey.  Defendant, in support thereof, states as follows:

1. On or about April 27, 2019, Plaintiffs Kevin Amoruso and Renee Amoruso (hereinafter collectively referred to as "Plaintiffs" and with Kevin Amoruso being referred to as

1

"Plaintiff") commenced this action by filing a Complaint in the Superior Court of New Jersey, Law Division, Essex County, docket number ESX-L-3172-19. A copy of Plaintiffs' Complaint is attached hereto as Exhibit "A".

2. The allegations in Plaintiffs' Complaint arise out of an alleged incident that occurred on June 24, 2017 while Plaintiff Kevin Amoruso was inside BJ's Wholesale Club No. 94 located at 110 State Route 23, Riverdale, New Jersey 07457 ("Club No. 94"). See Ex. "A", First Count, ¶ 1.  On that date, Plaintiff claims he suffered injuries when he claims he slipped on a small amount of water that he claims was inside Club No. 94.  See Id.

3. At all relevant times, including the date of the alleged incident, Defendant BJ's leased the Property from Defendant Cresskill Hills, LLC under a Triple Net Lease.  See Triple Net Lease, attached as Exhibit "B"[1].

4. Pursuant to the Triple Net Lease, on June 24, 2017, Defendant Cresskill Hills, LLC had no responsibility for the interior of BJ's Wholesale Club No. 94, including the location where Plaintiff's alleged incident occurred.  See Ex. "B", ¶¶ 5.1, 6.1, et. seq.

5. Triple Net Leases create a contract where the tenant has exclusive possession of the property and the landlord clearly delegates its duties of liability substantially to the tenant. Geringer v. Hartz Mountain Development Corp., 388 N.J. Super. 392, 400 (App. Div. 2006).

6. When the tenant's exclusive possession is combined with clear and unambiguous language in the lease that the tenant shall have the duty to maintain and repair the property, then the landlord cannot be held liable for any personal injuries sustained by a third party on that

---

[1] The Lease was assigned to BJ's Wholesale Club by way of Assignment of Lease on June 28, 1997.

2

24250037.v1

property.  <u>McBride v. Port Authority of New York and New Jersey</u>, 295 N.J. Super. 521, 522 (App. Div. 1996).

7.  Pursuant to the Triple Net Lease, the interior of BJ's Wholesale Club No. 94, including the location where Plaintiff's alleged incident occurred, was at all times material hereto maintained and operated by Defendant BJ's Wholesale Club, Inc.  <u>See</u> Ex. "B".

8.  Defendant Cresskill Hills, LLC was fraudulently joined by Plaintiffs in this action to prevent removal to Federal Court.

9.  Plaintiffs' Complaint was filed on April 27, 2019 and served to Defendant BJ's Wholesale Club, Inc. on or about September 10, 2019, which is within thirty days of the filing of this Notice of Removal; thus, removal is timely.

10.  For the reasons set forth more fully below, this Court has original jurisdiction over the subject matter under 28 U.S.C. § 1332 because the properly joined parties are citizens of different states and the matter in controversy exceeds $75,000.

**A. <u>PLAINTIFFS ARE DIVERSE FROM THE PROPERLY JOINED DEFENDANT</u>**

11.  Plaintiffs allegedly reside at 112 Cheshire Lane, Ringwood, New Jersey 07456.  <u>See</u> Ex. "A", p. 1.

12.  Defendant BJ's Wholesale Club, Inc. is a Delaware Corporation with its principal place of business located in Westborough, Massachusetts.

13.  At all relevant times, including the date of the alleged incident, Defendant BJ's Wholesale Club, Inc. leased the Property from Defendant Cresskill Hills, LLC under a Triple Net Lease[2].  <u>See</u> Ex. "B".

---

[2] According to New Jersey law, a commercial lease is "triple-net" when the tenant is required to pay the "utilities, taxes and other charges associated with the property."  <u>N.J. Indus. Properties v. Y.C. & V.L., Inc.</u>, 100 N.J. 432, 434 (1985).

14. As stated above, Plaintiff named Defendant Cresskill Hills, LLC as an individual Defendant in this matter.  See Ex. "A".

15. Defendant Cresskill Hills, LLC did not maintain or operate the interior of BJ's Wholesale Club No. 94, including the location where Plaintiff's alleged incident occurred.  See Ex. "B", ¶¶ 5.1, 6.1, et. seq.

16. Nonetheless, Plaintiff alleges in the Complaint that Defendant Cresskill Hills, LLC was careless, reckless, negligent, and responsible for Plaintiff's accident by failing to maintain, repair, and/or inspect the property located at 110 State Route 23, Riverdale, New Jersey 07457. See Ex. "A", Counts 1-2.

17. However, pursuant to the Triple Net Lease, Defendant Cresskill Hills, LLC was not responsible for the maintenance or operation of the interior of BJ's Wholesale Club No. 94, including the condition of the premises on June 24, 2017.  See Ex. "B", ¶¶ 5.1, 6.1, et. seq.

18. New Jersey has carved out some exceptions to the general principles of negligence, including in the commercial tenancy context.  There is **no landlord liability for personal injuries suffered by a third person on the leased premises due to a lack of proper maintenance or repair,** when the lease unquestionably placed responsibility for such maintenance or repair solely on the tenant."  Geringer v. Hartz Mountain Development Corp., 388 N.J. Super. 392, 401 (App. Div. 2006) (citing McBride v. Port Authority of New York and New Jersey, 295 N.J. Super. 521, 522 (App. Div. 1996)).

19. When the tenant remains in "**exclusive possession**" and the terms of the lease are **unambiguous** as to repair and maintenance, then the landlord is not liable for the personal injuries of third persons.  McBride, 295 N.J. Super. at 521.

20. This exception is applied to commercial Triple Net Leases, wherein the tenant is responsible for "paying utilities, taxes and other charges associated with the property." N.J. Indus. Properties v. Y.C. & V.L., Inc., 100 N.J. 432, 434 (1985).

21. Triple Net leases create a contract where the tenant has exclusive possession of the property and the landlord clearly delegates its duties of liability substantially to the tenant. Geringer, 388 N.J. Super. at 400.

22. When the tenant's exclusive possession is combined with clear and unambiguous language in the lease that the tenant shall have the duty to maintain and repair the property, then the landlord cannot be held liable for any personal injuries sustained by a third person on that property. McBride, 295 N.J. Super. at 521.

23. Here, Plaintiffs make claims against Defendant Cresskill Hills, LLC related to its alleged carelessness, recklessness and negligence in the custody and control of the interior of BJ's Wholesale Club No. 94, where the alleged incident occurred. See Ex. "A", Counts 1-2.

24. However, pursuant to the Triple Net Lease, the interior of such Property was at all times material hereto maintained and operated by Defendant BJ's Wholesale Club, Inc., as follows:

7.1    Subject to Landlord's obligation under this Article VII, Tenant shall maintain the Building, including without limitation, all glass and all utility conduits, fixtures and equipment within the Building serving the Demised Premises exclusively which may be necessary to maintain the same, in good repair and condition as the same are in on the Commencement Date or as may be required by any laws, ordinances or regulations of any public authorities having jurisdiction, reasonable wear and tear and damage by the events described in Article IX excepted and subject to Article X of this Lease.  Such maintenance shall include cleaning gutters and

Tenant, at all times, shall keep so much of the Common Areas as are located on the BJ's Tract in good repair and in the condition of other similar first-class strip centers in northern New Jersey, suitably paved and marked for parking and traffic flow, free of refuse and obstruction, property drained, free of snow and ice, and lighted substantially in accordance with the lighting plan dated August 12, 1996; last revised October 17, 1996 (McNally Engineering, PI) from 7:30

24250037.v1

<u>See</u> Ex. "B", ¶¶ 6.1, 7.1. As part of this provision, BJ's, as Tenant, is also required to pay utilities at the Property.

25. Moreover, the Triple Net Lease is clear that BJ's, as Tenant, is required to pay taxes and other fees/costs related to the Property, as follows:

> 5.1    Tenant shall pay the Real Estate Taxes (as hereinafter defined) allocable to the Demised Premises (determined as hereinafter provided) for each tax year included within the term of this Lease and pro rata portion thereof for the tax years partially included in the term at the commencement and expiration thereof.  The Real Estate Taxes allocable to the Demised

<u>See</u> Ex. "B", ¶ 5.1.

26. There are also indemnity provisions in the Lease requiring BJ's to indemnify Cresskill Hills, LLC as the landlord "against any and all injury, loss or damage" or claims of same "resulting from any act, omission, or negligence of Tenant" or its agent/s.  <u>See</u> Ex. "B", ¶11.1.

27. Again, under <u>McBride</u>, s*upra*, when the tenant's exclusive possession is combined with clear and unambiguous language in the lease that the tenant shall have the duty to maintain and repair the property, then the landlord cannot be held liable for any personal injuries sustained by a customer of the tenant on that property.  <u>McBride</u>, 295 N.J. Super. at 521.

28. Based on the terms of the Triple Net Lease, the facts surrounding the alleged incident, and the black letter law indicating that where there is a Triple Net Lease, the landlord cannot be held liable for any personal injuries sustained by a third person on that property, Plaintiffs simply cannot sustain a cause of action against Cresskill Hills, LLC under New Jersey law.

29. This is especially so, when this Court shall consider the manner in which the alleged incident occurred, *i.e.* Plaintiff claims he suffered injuries when he slipped on a small amount of water that he claims was inside Club No. 94.  <u>See</u> Ex. "A".

24250037.v1

30. Defendant Cresskill Hills, LLC was fraudulently joined solely to destroy diversity and prevent removal to Federal Court.

31. Accordingly, Plaintiffs are diverse from BJ's Wholesale Club, Inc.

32. "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." In re Briscoe, 448 F.3d 201, 215-216 (3d Cir. 2006).

33. "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." Id. at 216.

34. In matters where the Court determines that joinder was fraudulent, the Court can disregard, for jurisdictional purposes, the citizenship of a non-diverse defendant. Id. at 215.

35. When a non-diverse party is fraudulently joined, "the citizenship of that defendant may be ignored and the action may be removed." American Dredging Co. v. Atlantic Sea Con, LTD., 637 F. Supp. 179, 183 (D.N.J. 1986).

36. Fraudulent joinder does not require a showing of fraud. Id.

37. The standard for determining when a party is fraudulently joined is "if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state." Id.

38. Joinder is fraudulent "where there is **no reasonable basis in fact or colorable ground supporting the claim against the joined defendant**, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

39. As stated above, Plaintiff claims he suffered injuries when he slipped on a small amount of water on the floor inside of BJ's Wholesale Club No. 94. <u>See</u> Ex. "B". Plaintiff alleges Defendant Cresskill Hills, LLC acted in a careless, reckless, and negligent manner by failing to maintain, repair, and/or inspect the property, resulting in Plaintiff's injuries. <u>See</u> Ex. "A", Counts 1-2.

40. As set forth at length above, based on the terms of the Triple Net Lease, the facts surrounding the alleged incident, and the black letter law indicating that where there is a Triple Net Lease, the landlord Cresskill Hills, LLC cannot be held liable for any personal injuries sustained by a customer of the tenant on that property.

41. Accordingly, Plaintiff simply cannot sustain a cause of action against Cresskill Hills, LLC as the relevant landlord in this matter.

42. The standard for determining when a party is fraudulently joined is "if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state." <u>American Dredging Co.</u>, 637 F. Supp. at 183.

43. Although fraudulent joinder determinations are often made in the context of a remand motion, there is no requirement that this be so, where the fraudulent joinder issue is raised and briefed by the removing party in the removal petition itself, and because this Court has the authority to determine its own jurisdiction without necessity of formal motion practice under Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1447(c).

44. Therefore, under <u>American Dredging Co.</u>, *supra*, Defendant Cresskill Hills, LLC's inclusion in this lawsuit does not destroy diversity of citizenship.

45. Accordingly, Plaintiffs are diverse from the properly joined Defendant, and the requirements for removal based on diversity of citizenship are satisfied.

24250037.v1

**B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 EXCLUSIVE OF INTEREST AND COSTS**

46. The State Court wherein this action was originally filed is located in Essex County, New Jersey, which is embraced within this jurisdictional district.

47. Removal from the Superior Court of New Jersey Law Division, Essex County is proper under 28 U.S.C. §§ 1441(a) and (b), which authorize the removal of any civil action of which the District Courts of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

48. This Court has original jurisdiction over the subject matter under 28 U.S.C. § 1332, as the parties in interest properly joined and served are citizens of different states, and the matter in controversy exceeds $75,000.00 as set forth below.

49. Here, Plaintiff claims that as a result of the carelessness, recklessness, and negligence of the Defendants, he suffered severe and permanent injuries, claims of great and excruciating pain and suffering, disability, has lost enjoyment of life, has been prevented from performing his duties, affairs, and foreseeable activities, and has incurred great sums of money for necessary medical care.  See Ex. "A", First Count, ¶ 7.

50. Plaintiff demands judgment against Defendants for compensatory damages, as well as interest and costs of suit.  See Ex. "A", Wherefore Clause.

51. Plaintiff  Renee Amoruso also brings a "per quod" claim. See Ex. "A".

52. Subsequent to receiving the Complaint, on October 3, 2019, in order to clarify the amount of damages at issue, BJ's served Plaintiffs with a stipulation to limit damages to $75,000.00 and advised if such stipulation was not signed and returned, BJ's would remove this matter

to the Federal Court thereafter.  See October 3, 2019 correspondence from Defendant's counsel to Plaintiff's counsel, attached as Exhibit "D".

53. This time deadline has passed and Plaintiff has not agreed to sign the Stipulation to Limit Damages to $75,000.

54. Subsequent to that, Plaintiffs demanded $700,000 from Defendants.  A copy of Plaintiffs' Demand is attached as Exhibit "C".

55. Based on Plaintiffs' per quod claims, Plaintiff's severe personal injury claims, claims of great and excruciating pain and suffering, disability, and economic damages, coupled with Plaintiffs' demand of $700,000, as well as Plaintiffs' failure to stipulate to limit damages to $75,000, it is Defendant's position that Plaintiffs are seeking an amount in excess of $75,000 and this Court does not have to guess as to whether this Court's jurisdictional threshold has been met.

56. A defendant's notice of removal need only include a "plausible allegation" the amount in controversy exceeds the jurisdictional threshold.  Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)).

57. This Notice of Removal is timely as it is being filed within thirty days of service of Plaintiffs' Complaint on Defendant BJ's.

58. The United States District Court for the District of New Jersey is in the federal judicial district encompassing Essex County, New Jersey, where the State Action was filed. For purposes of removal, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

59. Prompt written notice of this Notice of Removal is being sent to Plaintiffs and Defendant Cresskill Hills, LLC, and a copy of this Notice of Removal will be filed with the Superior Court of New Jersey, Essex County, as required by 28 U.S.C. § 1446(d).

24250037.v1

60. Because the requirements for federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 are satisfied, *i.e.,* complete diversity of citizenship between Plaintiffs and the properly joined Defendant and the amount in controversy in excess of $75,000, this action is properly removable.

61. Pursuant to 28 U.S.C. § 1446(a), Defendant has attached copies of all process, pleadings, and orders served upon them, including: a true and correct copy of Plaintiffs' Summons and Complaint.  See Ex. "A".

**WHEREFORE**, Defendant BJ's Wholesale Club, Inc. respectfully requests that the State Action be removed from the Superior Court of New Jersey, Law Division, Essex County to the United States District Court for the District of New Jersey.

Dated: October 9, 2019                          s/   *John M. McConnell*
                                                                        John M. McConnell, Esq.
                                                                        **GOLDBERG SEGALLA LLP**
                                                                        301 Carnegie Center Drive,
                                                                        Suite 200, Princeton, NJ 08540-6587
                                                                        609-986-1326
                                                                        609-986-1301 - Fax
                                                                        Attorneys for Defendant BJ's Wholesale
                                                                        Club, Inc.

24250037.v1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KEVIN AMORUSO and RENEE AMORUSO (per quod), | : | **NOTICE OF REMOVAL** |
|  | : |  |
| Plaintiff, | : | **CIVIL ACTION NO.:** |
|  | : |  |
| v. | : |  |
|  | : |  |
| BJ'S WHOLESALE CLUB, INC., CRESSKILL HILLS, LLC, JOHN AND JANE DOES 1-10 (fictitious names representing unknown individuals), ABC CORPS. 1-10 (fictitious names representing unknown corporations, partnerships and/or limited liability companies or other types of legal entities), TUV CORPS. ROOFING CONTRACTORS 1-10 (fictitious parties), and/or XYZ CORPS. PROPERTY MAINTENANCE/MANAGEMENT COMPANY 1-10 (fictitious parties), | : | **JURY TRIAL DEMANDED** |
|  | : |  |
| Defendants. | : |  |

**Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, the undersigned counsel for Defendant BJ's Wholesale Club, Inc. certifies that:**

\_\_\_\_X\_\_\_\_ This party's parent corporation, and all publicly held corporations owning 10% or more of this party's stock, are listed here:

**BJ's Wholesale Club Holdings, Inc. (formerly Beacon Holding, Inc.), a Delaware corporation, with a principal place of business in Massachusetts.**
                                      **OR:**
_____ This party does not have a parent corporation, nor is there any publicly held corporation that owns 10% or more of this party's stock.

Dated: October 9, 2019                    s/   *John M. McConnell*

                                                John M. McConnell, Esq.
                                                **GOLDBERG SEGALLA LLP**
                                                301 Carnegie Center Drive,

Suite 200, Princeton, NJ 08540-6587
609-986-1326
609-986-1301 - Fax
Attorneys for Defendant BJ's Wholesale
Club, Inc.

13

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| : | |
| KEVIN AMORUSO and RENEE AMORUSO : | **NOTICE OF REMOVAL** |
| (per quod), : | |
| : | |
| Plaintiff, : | **CIVIL ACTION NO.:** |
| : | |
| v. : | |
| : | **JURY TRIAL DEMANDED** |
| : | |
| BJ'S WHOLESALE CLUB, INC., : | |
| CRESSKILL HILLS, LLC, JOHN AND : | |
| JANE DOES 1-10 (fictitious names : | |
| representing unknown individuals), ABC : | |
| CORPS. 1-10 (fictitious names representing : | |
| unknown corporations, partnerships and/or : | |
| limited liability companies or other types of : | |
| legal entities), TUV CORPS. ROOFING : | |
| CONTRACTORS 1-10 (fictitious parties), : | |
| and/or XYZ CORPS. PROPERTY : | |
| MAINTENANCE/MANAGEMENT : | |
| COMPANY 1-10 (fictitious parties), : | |
| : | |
| Defendants. : | |
| : | |

I, John M. McConnell, hereby certify that a true and correct copy of the foregoing Notice

of Removal and supporting documents and Rule 7.1 Corporate Disclosure Statement for Defendant

BJ's Wholesale Club, Inc. was filed with the Court and served on all counsel of record via email

on this 9th day of October, 2019.

By: *John M. McConnell*

John M. McConnell, Esq.
**GOLDBERG SEGALLA LLP**
301 Carnegie Center Drive,
Suite 200, Princeton, NJ 08540-6587
609-986-1326
609-986-1301 - Fax
Attorneys for Defendant BJ's
Wholesale Club, Inc.

14

24250037.v1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| KEVIN AMORUSO and RENEE AMORUSO (per quod), | **NOTICE OF REMOVAL** |
| Plaintiff, | **CIVIL ACTION NO.:** |
| v. | |
| BJ'S WHOLESALE CLUB, INC., CRESSKILL HILLS, LLC, JOHN AND JANE DOES 1-10 (fictitious names representing unknown individuals), ABC CORPS. 1-10 (fictitious names representing unknown corporations, partnerships and/or limited liability companies or other types of legal entities), TUV CORPS. ROOFING CONTRACTORS 1-10 (fictitious parties), and/or XYZ CORPS. PROPERTY MAINTENANCE/MANAGEMENT COMPANY 1-10 (fictitious parties), | **JURY TRIAL DEMANDED** |
| Defendants. | |

**PLEASE TAKE NOTICE** that the undersigned counsel hereby enters an appearance as counsel of record on behalf of Defendant BJ's Wholesale Club, Inc. in the above-entitled action.

**PLEASE TAKE FURTHER NOTICE** that copies of all papers served in this matter should be served upon the undersigned.

Dated:  October 9, 2019

By: *John M. McConnell*

John M. McConnell, Esq.
**GOLDBERG SEGALLA LLP**
301 Carnegie Center Drive,
Suite 200, Princeton, NJ 08540-6587
609-986-1326
609-986-1301 - Fax
Attorneys for Defendant BJ's Wholesale Club, Inc.

15

24250037.v1